IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02617-NYW-KAS

DANNY ZIPRIS,

 Plaintiff,

v.

CITIBANK, N.A.,

 Defendant.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on (1) Plaintiff's **Renewed Motion to Remand** [#30][1] (the "Motion to Remand"); (2) Defendant's **Renewed Motion to Compel Arbitration and to Stay this Case** [#29] (the "Motion to Compel Arbitration"); (3) Plaintiff's **Renewed Emergency Motion to Strike, Restrict, and Seal Publicly Filed Materials and for Sanctions** [#35]; and (4) Plaintiff's **Renewed, Narrow Motion to Redact Irrelevant Private Information from Exhibit 2 and to Replace the Original Public Exhibit** [#42] (jointly, the "Motions to Restrict").

With respect to the Motion to Remand [#30], which is the primary subject of this Order and Recommendation, Defendant filed a Response [#33], and Plaintiff, who proceeds as a pro se litigant,[2] filed a Reply [#40]. The Motion to Remand [#30] has been

---

[1] "[#30]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should not be the pro se litigant's advocate, nor should

referred to the undersigned for a Recommendation[3] pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *See Memorandum* [#39]. The Court has reviewed the briefs, the case file, and the applicable law. For the reasons stated below, the Court **RECOMMENDS** the Motion [#30] be **GRANTED**. For the same reasons, the Court **RECOMMENDS** that the Motion to Compel Arbitration [#29] be **DENIED as moot**.

With respect to the Motions to Restrict [#35, #42], Defendant filed no responses, and its deadline to do so has passed. The Motions to Restrict [#35, #42] have been referred to the undersigned for an order. *See Memoranda* [#39, #42]. The Court has reviewed the briefs, the case file, and the applicable law. For the reasons stated below, the Court **ORDERS** that the Motion to Restrict [#35] is **DENIED as moot** and the Motion to Restrict [#42] is **DENIED**.

## I.    Background

Plaintiff Danny Zipris initiated this matter in the small claims division of the Combined Court in Arapahoe County, Colorado. *Complaint* [#7]. Plaintiff asserted that he was a victim of online fraud in the amount of $350.00, that he initiated a billing dispute with Defendant Citibank (his credit card company), and that Defendant denied the dispute in violation of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666. *Id.* ¶¶ 2-9, 14-15. Plaintiff sought damages in the amount of $7,350 plus costs. *Id.* at 3.

---

the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[3] All parties do not consent to magistrate judge jurisdiction. *See Signed Consent/Non-Consent Form* [#34]; *Order Referring Case* [#38].

Defendant removed the case to federal court, pursuant to the court's federal question jurisdiction, based on the asserted FCBA violation. *Notice of Removal* [#1] at 2. The removal was likely strategic. The arbitration clause in the parties' credit card agreement states that "[y]ou or we may arbitrate any claim, dispute or controversy between you and us arising out of or related to your Account," but that "[i]ndividual Claims filed in a small claims court are not subject to arbitration, as long as the matter stays in small claims court." *Motion to Compel Arbitration* [#18] at 3-4; *Agreement, Ex. 1* [#18-1] at 13[4]. Therefore, after removing the matter to federal court, Defendant promptly moved to compel arbitration. *Id.*

However, neither this Court nor arbitration is the forum where Plaintiff wants this case resolved. So, he countered Defendant's removal by amending his Complaint [#7] as a matter of course and restyling his claims as follows: (1) breach of contract (Colorado law), and (2) violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 *et seq.*). *See Am. Compl.* [#25] at 2-3; *see also Minute Order* [#41] at 2-4 (accepting the Amended Complaint [#25] as filed and concluding that it is the operative pleading). Based on the revised complaint, plaintiff filed the instant Motion to Remand [#30], asserting that this Court no longer has subject matter jurisdiction.

## II.    Motion to Remand [#30]

### A.    Legal Standard

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original

---

[4] The cited page number refers to the numbering stamped at the top of the page by the Court's docketing system.

jurisdiction, may be removed by the defendant . . . to the district court for the United States for the district and division embracing the place where such action is pending." Thus, removal of a state civil action to federal court is appropriate if the federal district court has subject matter jurisdiction. 28 U.S.C. § 1441. In removal cases premised on federal question jurisdiction, as is the case here, a party invoking federal jurisdiction must demonstrate that the action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A suit most typically arises under federal law "when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Puentes v. Res-Care, Inc.*, No. 2:20-cv-1320 MV/KRS, 2021 WL 2688872, at *1 (D.N.M. June 9, 2021) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). "That is because, to return to where we started, federal courts are courts of limited jurisdiction: When they do not have (or no longer have) authorization to resolve a suit, they must hand it over." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 28 (2025).

Where, as here, a plaintiff amends his complaint following his suit's removal, "a federal court's jurisdiction depends on what the new complaint says." *Id.* at 30. And if that new complaint eliminates the federal claims which enabled removal, "the court's power to decide the dispute dissolves." *Id.* Therefore, "the case must be 'remanded' to state court."

4

*Id.* at 28; *see also Arroyo v. Hall*, No. 21-cv-01687-CNS-MDB, 2025 WL 3496172, at *2 (D. Colo. Dec. 5, 2025) ("[T]he Court is bound to follow *Royal Canin*'s recent and clear directive, particularly where adjudication of the remaining state law claims would be better decided by a state court.").

**B.    Analysis**

Although not factually identical, the Court finds that *Royal Canin* is dispositive. In *Royal Canin*, the plaintiff asserted both state law and federal law claims against the defendant. 604 U.S. at 28. Specifically, the plaintiff sued the defendant for violations of Missouri's antitrust laws, the Missouri Merchandising Practices Act, and, as relevant here, the Federal Food, Drug, and Cosmetic Act (FDCA), 21 U. S. C. § 301 *et seq. Id.* Defendant removed the case to federal court based on the FDCA claim. *Id.* at 29. Plaintiff then "amended her complaint to delete its every mention of the FDCA, leaving her state claims to stand on their own." *Id.* On those facts, the Supreme Court concluded that the federal court lost subject matter jurisdiction, thereby requiring remand to state court. *Id.* at 30-31, 43-44. The only factual distinction between this case and *Royal Canin* is that here, rather than deleting federal claims from a complaint that already asserted state-law claims, Plaintiff simply reasserted his single federal-law claim under state law corollaries in order to deprive this Court of subject matter jurisdiction and effect a remand to the forum of his choosing. Defendant makes no convincing argument that the factual distinction requires the Court to diverge from *Royal Canin*'s unequivocal mandate.

Instead, Defendant asserts, without legal support, that because the credit card agreement "voluntarily incorporates billing rights that mirror those required by federal law," Plaintiff "cannot assert his claim as purely state law or contract-based while relying on

5

obligations defined by federal law." *Response* [#33] at 3 (internal quotation marks omitted). Defendant continues that because the credit card agreement references rights and responsibilities imposed by federal statute, "any alleged breach necessarily implicates federal questions," thereby invoking the Court's federal question jurisdiction. *Id.* Although Defendant fails to meaningfully discuss the two legal doctrines that might support its theory, the Court will nevertheless briefly address each one in turn.

Because federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction. *Bd. of Cnty. Comm'rs. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1250 (10th Cir. 2022). "[S]tatutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction." *Id.* (quoting *United States ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1280 (10th Cir. 2001)). Therefore, "[t]he Supreme Court has cabined [federal question jurisdiction] by application of the well-pleaded complaint rule, which provides 'that the federal question must appear on the face of a well-pleaded complaint and may not enter in anticipation of a defense.'" *Id.* at 1255 (quoting *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 494 (1983)). "The rule is premised on the notion that the plaintiff is the 'master of the claim' and may 'avoid federal jurisdiction by exclusive reliance on state law.'" *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "[I]t has long been held that a 'plaintiff may by the allegations of his complaint determine the status with respect to removability.'" *Id.* (quoting *Great N. Ry. Co. v. Alexander,* 246 U.S. 276, 282 (1918)).

"But there are two exceptions to the well-pleaded complaint rule: (1) the state-law claims are artfully pleaded/completely preempted[5] by federal law and (2) the state-law claims necessarily raise a substantial, disputed federal question." *Id.* at 1255.

First, "[c]omplete preemption applies when 'the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* at 1256 (quoting *Caterpillar*, 482 U.S. at 393). "Complete preemption is a rare doctrine." *Id.* at 1257 (quoting *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1204 (10th Cir. 2012)). The Tenth Circuit has recognized it in only the following contexts: (1) § 301 of the Labor Management Relations Act; (2) § 502 of the Employee Retirement Income Security Act; (3) usury actions under the National Bank Act; and (4) the Securities Litigation Uniform Standards Act. *Id.*

Although Defendant references the "artful pleading" doctrine in passing, it makes no colorable legal argument that the FCBA completely preempts state law. In fact, Defendant appears to disclaim any such argument. *See Response* [#33] at 4 ("This does not require the court to determine whether the FCBA preempts his breach of contract claim, but instead requires the court to recognize that Zipris' claim remains federal in nature."). Accordingly, the Court declines to break new ground in this area. At most, Defendant appears to argue that it could assert its compliance with the FCBA's procedures—as incorporated in its agreement with Plaintiff—to defend against his breach of contract claim. However, the Court repeats a well-established principle: A defense

---

[5] The Supreme Court treats the "artful pleading" and "complete preemption" doctrines as indistinct. *Bd. of Cnty. Comm'rs. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1256 (10th Cir. 2022).

based on federal law does not transform a claim arising under state law into a removable federal question. *Suncor Energy*, 25 F.4th at 1255.

Second, federal courts may "hear claims recognized under state law that nonetheless turn on substantial questions of federal law." *Id.* at 1257 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)). The Court construes Defendant's Response [#33] as attempting to invoke this so-called "substantial federal question" or "*Grable* jurisdiction" theory. *See Response* [#33] at 4. "Like complete preemption, '[t]he 'substantial question' branch of federal question jurisdiction is exceedingly narrow." *Suncor Energy*, 25 F.4th at 1257 (quoting *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012)). It is not triggered by the mere need to apply federal law in a state-law claim or by the assertion of a federal defense. *Id.* Instead, "the relevant question is, 'does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Id.* (quoting *Grable*, 545 U.S. at 314).

Under the *Grable* test, a federal issue is "necessarily raised" when it forms an essential element of the plaintiff's claim. *Id.* at 1266. And a federal issue is "substantial" if it is important to the federal system or if the federal law provides a private right of action or preempts state causes of action. *Id.* at 1267-68. Here, federal law does not form an essential element of either cause of action that Plaintiff asserts. To the extent that assessing the "breach" element of Plaintiff's breach of contract claim might require consideration of the FCBA's procedures, the Court finds that this falls short of the "necessarily raised" element of the *Grable* test. For example, in *Coleman v. Beazer*

8

*Homes Corp.*, No. CIV. 3:07CV312, 2008 WL 1848653, at *4 (W.D.N.C. Apr. 23, 2008), the court declined to exercise *Grable* jurisdiction where the plaintiff's state-law claims for unfair and deceptive trade practices would turn on the defendants' compliance with the federal Truth in Lending Act, 15 U.S.C. 1601 *et seq.*, and Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, because "[i]t is not sufficient to show that a state law claim simply touches upon or implicates a federal issue." Rather, "determination of the federal issue must be *necessary* to resolve the claim[.]" *Id*. (emphasis in original). Further, the FCBA's procedures are likely to arise in the context of an affirmative defense, which, as the Court has already discussed, is an insufficient basis to exercise subject matter jurisdiction. *Suncor Energy*, 25 F.4th at 1250, 1257.

But even if the FCBA was necessarily raised, the Court is unconvinced that its interplay with Plaintiff's lawsuit is of such import to the federal system as to become a substantial question. *Cf. Grable*, 545 U.S. at 315 (finding the exercise of substantial federal question jurisdiction appropriate where a federal agency's compliance with federal statutes was at issue); *see also Beliz v. Loan Simple, Inc.*, No. 15-cv-01284-CMA-CBS, 2016 WL 424807, at *6 (D. Colo. Jan. 14, 2016) (declining to exercise *Grable* jurisdiction where the court's dismissal order left only claims under the Colorado Fair Debt Collection Practices Act, the Colorado Consumer Protection Act, and common law torts), *report and recommendation adopted*, 2016 WL 409408 (D. Colo. Feb. 3, 2016); *Colo. Civ. Rts. Comm'n v. 1950 Logan Condos. Condo. Ass'n*, No. 13-cv-02583-PAB-MJW, 2013 WL 6858821, at *1 (D. Colo. Dec. 30, 2013) (declining to exercise *Grable* jurisdiction where an amended complaint omitted federal claims and asserted only a state-law claim,

because federal law did not create plaintiff's causes of action and because the "mere need to apply federal law in a state-law claim is not, by itself, sufficient").

As the master of his Complaint [#25], Plaintiff may avoid removal to federal court. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013). Plaintiff has made clear his intention to litigate this matter in state court, as is his prerogative. Because no federal claims remain, this Court no longer has subject matter jurisdiction, and the case must be remanded to state court. *Franklin D. Azar & Assocs., P.C. v. Dominic X. Genco LLC*, No. 25-cv-01212-NYW-CYC, 2026 WL 266055, at *6 (D. Colo. Feb. 2, 2026); *Jensen v. Lane*, No. 23-cv-01783-DDD-SBP, 2025 WL 4356886, at *4 (D. Colo. Dec. 30, 2025). In the words of the *Royal Canin* Court, "when [Plaintiff] amended [his] complaint, the jurisdictional analysis also changed." 604 U.S. at 44. "[His] deletion of all federal claims deprived the District Court of federal-question jurisdiction," and in reconfiguring his suit to make it only about state law, "the suit became one for a state court." *Id.*

Therefore, the undersigned **recommends** that the Motion [#30] be **granted** and the Motion to Compel Arbitration [#29] be **denied as moot**.

### III.    Motions to Restrict [#35, #42]

On September 13, 2025, Plaintiff filed a Motion to Restrict [#19], in which he asked the Court to restrict public access to an exhibit that Defendant attached to its Motion to Compel Arbitration [#18]. Plaintiff stated that Defendant's Exhibit 2 [#18-2] disclosed his billing address, account transactions, and other sensitive information. *Motion to Restrict* [#19] at 2. Defendant's Exhibit 2 [#18-2] is Plaintiff's Citibank credit card statement, which reflects the billing period of February 8, 2022, through March 7, 2022. The three-page document includes Plaintiff's billing address (the same address noted on this case's public

10

docket), his transaction history, account balances, and the last four digits of his Citibank account number. *See Def.'s Exhibit 2, Credit Card Statement* [#18-2].

The undersigned denied the Motion to Restrict [#19] because the exhibit did not, as Plaintiff argued, contain any information covered by Rule 5.2 of the Federal Rules of Civil Procedure. *Minute Order* [#41] at 5; *see also* FED. R. CIV. P. 5.2(a) ("[I]n an electronic or paper filing with the court that contains an individual's . . . financial-account number, a party or nonparty making the filing may include only: . . . (4) the last four digits of the financial-account number."). The undersigned also noted that "Plaintiff has put his financial information directly at issue by filing this lawsuit." *Minute Order* [#41] at 6. "As such, the public has a significant interest in this limited financial information." *Id.*; *see also Cypress Advisors, Inc. v. Davis*, No. 16-cv-01935-MSK-MEH, 2019 WL 1242331, at *12 (D. Colo. Mar. 18, 2019) ("Although that document contains extensive financial information for the parties herein, some of that financial information is central to the disputes herein, resulting in the public having a significant interest in access to it.").

Plaintiff filed the Motion to Restrict [#35], in which he sought identical relief as in the Motion to Restrict [#19], before the Court issued its Minute Order [#41] adjudicating the issue. He refiled it because a month had passed without a ruling from the undersigned. Seeing that the Court's Minute Order [#41] adjudicated the subject matter of the Motion to Restrict [#35], the Motion to Restrict [#35] is **denied as moot**.

In the Motion to Restrict [#42], Plaintiff seeks leave to file a redacted version of the same exhibit on the public docket. He proposes making "relevance-based redactions that preserve public access to all information necessary for adjudication while removing non-merits-related financial metadata." *Motion to Restrict* [#42] at 3. However, the relevance

11

(or lack thereof) of redacted information is not the benchmark that the Plaintiff must meet in order to succeed on a motion to restrict. As the Court previously advised him, the standard is Local Rule 7.2(c). As relevant here, a motion to restrict shall "address the interest to be protected *and why such interest outweighs the presumption of public access*," and shall "identify a clearly defined and serious injury that would result if access is not restricted." D.C.COLO.LCivR. 7.2(c) (emphasis added). Plaintiff fails to make that showing. Accordingly, the Motion to Restrict [#42] is **denied**.

### IV.    Conclusion

Based on the foregoing, the Court finds that it lacks subject matter jurisdiction to hear this case because the case does not arise under federal law. Accordingly,

IT IS HEREBY **RECOMMENDED** that Plaintiff's Motion to Remand [#30] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that this case be **REMANDED** to the small claims division of the Combined Court in Arapahoe County, Colorado.

IT IS FURTHER **RECOMMENDED** that Defendant's Renewed Motion to Compel Arbitration and to Stay this Case [#29] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that the Motion to Restrict [#35] is **DENIED as moot** and the Motion to Restrict [#42] is **DENIED**.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Federal Rule of Civil Procedure 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days

12

after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: May 28, 2026                          BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge